11th Court of Appeals
Eastland, Texas
Opinion
 
Henderson Nunnally
            Appellant
Vs.                  No. 11-03-00237-CR – Appeal from Taylor County
State of Texas
            Appellee
 
            After the trial court denied his motion to suppress the evidence, appellant entered a plea of
nolo contendere. The trial court convicted appellant of possession of cocaine and, pursuant to the
plea bargain agreement, assessed his punishment at confinement for 12 months in a state jail facility. 
We affirm.
            In his sole point of error, appellant contends that the trial court abused its discretion by
denying his motion to suppress the crack pipe that was found in the waistband of his pants. 
Appellant argues that this evidence was illegally seized because the outstanding Florida warrants
upon which he was arrested later proved to be invalid. 
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997). We must afford the same amount of deference
to the trial court’s rulings on “mixed questions of law and fact,” such as the issue of probable cause,
if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. 
Guzman v. State, supra at 89. Appellate courts, however, review de novo “mixed questions of law
and fact” not falling within the previous category. Guzman v. State, supra. When faced with a
mixed question of law and fact, the critical question under Guzman is whether the ruling “turns” on
an evaluation of credibility and demeanor. Loserth v. State, 963 S.W.2d 770, 773
(Tex.Cr.App.1998). A question “turns” on an evaluation of credibility and demeanor when the
testimony of one or more witnesses, if believed, is always enough to add up to what is needed to
decide the substantive issue. Loserth v. State, supra. We must view the record in the light most
favorable to the trial court’s ruling and sustain the trial court’s ruling if it is reasonably correct on
any theory of law applicable to the case. Guzman v. State, supra.
            The evidence was undisputed at the suppression hearing. Abilene Police Officer Tim Pipes
was the only witness. Officer Pipes testified that he was on patrol when he saw the vehicle in which
appellant was a passenger run a red light. It was approximately 9:00 p.m., and Officer Pipes pulled
the vehicle over. Neither the driver nor appellant had a driver’s license; however, appellant
voluntarily gave his name and date of birth. When he ran a computer search as he routinely did,
Officer Pipes received a “hit” on appellant’s information, indicating that there was an outstanding
Florida warrant for grand theft on appellant.
            Based on the information from the computer search, Officer Pipes placed appellant under
arrest. When he searched appellant incident to the arrest, Officer Pipes found the crack pipe in the
waistband of appellant’s pants. Officer Pipes testified that he later learned that the Florida warrant
was not a good warrant.
            The issue before this court is whether the computer information Officer Pipes received when
he ran a routine search after a valid traffic stop was sufficient to justify the arrest of appellant which
led to the discovery of the crack pipe. We hold that it was.
            In Arizona v. Evans, 514 U.S. 1 (1995), a police officer stopped a vehicle after observing a
traffic violation. The driver informed the officer that his license was suspended. When the officer
ran a computer check on the driver’s name, the response not only confirmed that the driver’s license
was suspended but also indicated that there was a misdemeanor warrant for the driver’s arrest. The
officer placed the driver under arrest. The driver dropped a hand-rolled marihuana cigarette when
the officer placed handcuffs on him. A bag of marihuana was then discovered under the passenger’s
seat. At the suppression hearing, evidence was presented that the outstanding warrant had been
quashed 17 days prior to the driver’s arrest and, through a clerical mistake, had not been removed
from the computer data system. The Supreme Court stated that there was no evidence that “the
arresting officer was not acting objectively reasonably when he relied upon the police computer
record.” Arizona v. Evans, supra at 15-16. The Court then held that the application of United States
v. Leon, 468 U.S. 897 (1984), supports “a categorical exception to the exclusionary rule for clerical
errors of court employees.” Arizona v. Evans, supra at 16.
            In Brown v. State, 986 S.W.2d 50 (Tex.App. - Dallas 1999, no pet’n), the police officers
observed a vehicle that was listed as stolen on a “hot sheet.” The dispatcher checked the National
Crime Information Center computer and confirmed that the vehicle was currently listed as stolen. 
The driver was arrested, and the officers discovered a match box containing a baggie of cocaine
when they conducted their search incident to the arrest. On appeal, the driver argued that the
information from the NCIC computer alone was not sufficient enough to give the officers probable
cause to arrest him. The Dallas Court held that the computer information alone established probable
cause. Brown v. State, supra at 54.
            Pursuant to Arizona v. Evans, supra, and Brown v. State, supra, we hold that the trial court
did not abuse its discretion in denying the motion to suppress. Officer Pipes had probable cause to
arrest appellant based on the computer information he received, and he acted in good faith in relying
on the computer information. The crack pipe was discovered pursuant to a legal search incident to
a valid arrest. The sole point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    W. G. ARNOT, III
                                                                                    CHIEF JUSTICE
 
February 12, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.